BOUDOT, APPELLANT, *v.* SCHWALLIE, D. B. A. SCHWALLIE PHARMACY, APPELLEE.

(No. 8979—Decided December 18, 1961.)

*Messrs. Gilday & Gilday,* for appellant.

*Messrs. Frost & Jacobs* and *Mr. James G. Headley,* for appellee.

LONG, P. J. In her petition in the Court of Common Pleas, plaintiff alleged that the defendant was a duly licensed and registered pharmacist, engaged in the preparation and disposition of drugs and medications; that she presented a prescription for a certain shampoo ordered by her physician; and that defendant purported to fill such prescription and, through care-

lessness or negligence, delivered to plaintiff a shampoo other than the one ordered by her physician, as the result of which she sustained certain injuries set forth in her petition.

To this petition, defendant filed a demurrer which was sustained by the trial court on the ground that the action is one in malpractice, and that, the petition not having been filed within one year from the time of the accrual of the cause of action, plaintiff's case is barred by the statute of limitation.

It is admitted by counsel, nor were we able to find a case, that there is no authority exactly in point in the state of Ohio. However, we are bound by the allegations of the petition. Giving the plaintiff every benefit of the allegations in her pleading, we find that she comes to the pharmacist, clothed in the doctor-patient relationship, with a prescription; that she asks the defendant, as a pharmacist or specialist in his field, to fill the prescription; and that the very basis of her cause of action is failure on the part of the pharmacist to exercise that degree of reasonable care employed by those called upon by doctors to fill prescriptions for the physical impediments of their patients. We hold that, under the facts in this case, the pharmacist was practicing a profession.

It is clear to this court that the plaintiff, by her allegations, places the defendant in the category of a professional acting unskillfully within the framework or branch of the practice of medicine. The doctor relies upon the pharmacist for the specific medication prescribed for his patients. The practice of the profession of pharmacy is a part and parcel of the system of practice of modern medicine.

It is our opinion that, if true, the allegations contained in plaintiff's petition clearly make the defendant guilty of malpractice and that the one-year statute of limitation applies.

*Judgment affirmed.*

HILDEBRANT and KEEFE, JJ., concur.